IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE PEARSON JR., | : | Civil No. 3:24-cv-784 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| KIMBERLY K. DANFELT, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Maurice Pearson ("Pearson"), an inmate who was housed, at all relevant times, at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"). (Doc. 1). Named as Defendants are Kimberly Danfelt, Dave Ernest, the Department of Corrections, Pennsylvania Correctional Industries, Jill Spyker, Joel Kohler, and John Rivello. The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the complaint will be dismissed without prejudice.

**I.   Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Pearson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.     Pearson's Complaint

Pearson alleges that between the dates of December 2021 and May 2022, he was raped by a prison employee—Defendant Kimberly Danfelt. (Doc. 1, pp. 4-5). As a result of these encounters, Pearson alleges that he contracted a sexually transmitted disease. (*Id.* at p. 5).

Pearson states that he filed a grievance and that "the grievance is still in progress, exhaustion is ongoing." (*Id.* at p. 7). He filed the instant complaint on April 29, 2024. (*Id.* at p. 11).

## III.   Discussion

The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust— irrespective of 'special circumstances.'" *Ross*, 578 U.S. at 639. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. *See Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." *Id.*

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," i.e. the PLRA requires exhaustion of "available" administrative remedies. *Ross*, 578 U.S. at 642. "Available" is defined as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." *Id.* at 643, quoting *Booth v. Churner*, 532 U.S. 731, 737-38 (2001). There are three instances in which administrative

remedies are unavailable. "First, as *Booth* made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege that he has exhausted his administrative remedies, *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court may *sua sponte* dismiss an action where the plaintiff's failure to exhaust is clear on the face of the complaint. *See Booth*, 532 U.S. 731 (affirming *sua sponte* dismissal where prisoner-plaintiff conceded that he did not exhaust administrative remedies); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002).

Here, Pearson admits on the face of his complaint that he did not exhaust his administrative remedies prior to filing the instant action. Specifically, Pearson alleges that "exhaustion is ongoing." (Doc. 1, p. 7). Because the PLRA requires exhaustion prior to the initiation of Pearson's claims in federal court and because this Court cannot excuse compliance with those requirements, *sua sponte* dismissal of this action is appropriate. *See*

*Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (an inmate must exhaust administrative remedies *prior* to filing suit).

## IV.  Conclusion

For the foregoing reasons, the complaint (Doc. 1) will be dismissed without prejudice.  A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May  10 , 2024